In the United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| Denise Montano,<br><br>*Complainant,*<br><br>v.<br><br>The Cheesecake Factory Restaurants, Inc.,<br><br>*Respondent.* | Civil Action No. 5:23-cv-00855-XR |

## COMPLAINANT'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE:

**NOW COMES DENISE MONTANO**, hereinafter referred to by name or as Complainant, filing this First Amended Complaint, complaining of **THE CHEESECAKE FACTORY RESTAURANTS, INC.,** hereinafter referred to by name or as Respondent, and for cause of action would respectfully show unto the Court as follows:

## II.
## DISCOVERY CONTROL PLAN

**2.1**   Complainant intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## III.
## PARTIES

**3.1**   Complainant **DENISE MONTANO** is an individual residing in Bexar County, Texas.

**3.2**   Respondent **THE CHEESECAKE FACTORY RESTAURANTS, INC.,** is a foreign corporation that has appeared herein and removed this instant case from State to Federal Court, and no further service is necessary.

## IV.
## JURISDICTION & VENUE

**4.1** This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Respondent is a Texas resident and/or does business in the State of Texas.

**4.2** Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Bexar County, Texas.

## V.
## FACTS

**5.1** At all times material hereto, Respondent was the possessor in control of the premises located at 7400 San Pedro, Suite 120, San Antonio, Texas 78216.

**5.2** Denise Montano entered upon said premises on August 7, 2022, as a business invitee for the purpose of having a meal at Respondent's premises with a family member.

**5.3** During the time that Denise Montano was upon the Respondent's property, she was seriously injured as a result of a dangerous condition present on Respondent's property, to wit: a metal door frame was utilized by the restaurant to service metal and glass doors to enter and exit said premises. Said door frame housed an unreasonably dangerous three-foot metal bar that was not adequately secured within said door frame and was out of eyesight of patrons at Respondent's premises.

**5.4** Denise Montano's bodily injury occurred as a direct result of said metal bar falling out of said frame and making forceful contact with her head, said occurrence was proximately caused by the dangerous condition described above, which the Respondent knew or, in the exercise of ordinary care, should have known existed.

# VI.
# LIABILITY OF DEFENDANT

*NEGLIGENCE – PREMISES LIABILITY*

6.1     On or about August 7, 2022, and at all times mentioned herein, Respondent was the possessor in control of the premises in question which was used as a restaurant.

6.2     At all times mentioned herein, Respondent had such control over the premises in question that they owed certain duties to the Complainant, the breach of which proximately caused the injuries set forth herein. Complainant contends that the Respondent had a duty to make the property safe and free from hidden dangers on the premises that may create an unreasonable risk of harm.

6.3     Based upon information and belief, respondent, respondent's agents, servants, and employees negligently permitted the door frame to be left in an unreasonably dangerous state, negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Denise Montano of the dangerous condition. Based upon information and belief, respondent, respondent's agents, servants, and employees utilized the aforementioned door frame and attached door multiple times a day to pass through in order to conduct their business, having to manipulate the door and by proxy the door frame, and should have known of the unreasonably dangerous condition aforementioned and corrected and/or warned of said condition. Based upon information and belief, respondent, respondent's agents, servants, and employees clean and maintain said door frame and door multiple times a day, having to manipulate the door and door frame, as well as inspect said door frame for cleanliness, and should have known of the unreasonably dangerous condition aforementioned and corrected and/or warned of said condition. Based upon information and belief, respondent, respondent's agents, servants, and employees utilized said door frame and door to secure their premises every day and night, having to lock certain components of the door and door frame in question and would have to inspect said components on a regular basis for

security purposes, and should have known of the unreasonably dangerous condition aforementioned and corrected and/or warned of said condition.

**6.4** Based upon information and belief, respondent, respondent's agents, servants, and employees had a duty to inspect and maintain said door frame and failed to discover the dangerous condition for the above outlined reasons, to be further bolstered through case discovery. This condition existed despite the fact that Respondent and/or Respondent's agents knew or should have known of the existence of the aforementioned condition and that there was a likelihood of an injury as occurred to Complainant. Further, Complainant's injuries were caused by a usual and known risk of the type discoverable by reasonable inspection. Also, the condition itself was created by the Respondent and/or its agents.

**6.5** Complainant alleges that the Respondent, **THE CHEESECAKE FACTORY RESTAURANTS, INC.,** their agents, servants, and/or employees, who were acting in the course and scope of their employment, were guilty of negligence toward the Complainant in the following respects:

a. In failing to properly inspect and maintain the door frame in question to discover the dangerous condition;

b. In failing to maintain the door frame in a reasonably safe condition;

c. In failing to give adequate and understandable warning to the Complainant of the unsafe condition of the door frame;

d. In failing to discover and correct the dangerous condition within a reasonable time; and

e. In creating the unsafe condition.

## VII.
## PROXIMATE CAUSE

**7.1**   Each and every, all and singular of the foregoing acts and omissions, on the part of the Respondent, taken individually and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII.
## DAMAGES

**8.1**   As a direct and proximate result of the incident and the negligent conduct of the Respondent, Complainant suffered bodily injuries as reflected in the medical records from the healthcare providers that have treated those injuries since the incident.  The injuries may be permanent in nature. The injuries have had an effect on the Complainant's health and well-being. As a further result of the nature and consequences of her injuries, the Complainant has suffered and may continue to suffer into the future, physical pain and mental anguish.

**8.2**   As a further result of all of the above, Complainant has incurred expenses for her medical care and attention. These expenses were incurred for the necessary care and treatment of injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for the services.

**8.3**   As a further result of the injuries sustained by Complainant, there is reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

**8.4**   By reason of all of the above, Complainant **DENISE MONTANO** has suffered losses and damages in sum within the jurisdictional limits of this Court for which Complainant now sues.

**8.5**   Complainant affirmatively pleads that she seeks monetary relief in the maximum amount allowed by the court excluding costs, pre-judgment interest and attorneys' fees.

**8.6**   Complainant asserts that the amount of any monetary damages awarded to Complainant should be decided by a jury of Complainant's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Complainant to affirmatively plead the amount of damages sought. Pursuant to RULE 47, Complainant seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Complainant is justly entitled at the time of filing this suit, which, with the page of time, may change.

## IX.
## INTEREST

**9.1**   Complainant further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

**10.1**   Complainant demands a trial by jury.  Complainant acknowledges payment this date of the required jury fee.

## XI.
## NOTICE OF SELF-AUTHENTICATION

**11**.1   Respondent is hereby placed on actual notice of Complainant's intent to rely upon and utilize any and all documents produced or incorporated by reference by Respondent (s) in response to written discovery.

## XII.
## PRAYER

**12.1   WHEREFORE, PREMISES CONSIDERED**, Complainant requests that the Respondent be cited to appear and answer, and on final trial hereafter, the Complainant has judgment against the Respondent in an amount within the jurisdictional limits of this Court,

together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Complainant may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages;
12. Loss of earning capacity;
13. Pre-judgment interest; and
14. Post-judgment interest;

Respectfully submitted,

**HERRMAN & HERRMAN, P.L.L.C.**
The Herrman Building
1201 Third Street
Corpus Christi, Texas 78404
Telephone: (361) 883-7705
Facsimile: (361) 883-7957

By: /s/ *Joseph Garza*
        Joseph Garza
Bar No. 24107776
Email: josephgarza@herrmanandherrman.com
*E-service only*: litigation@herrmanandherrman.com

**ATTORNEY FOR COMPLAINANT**

**CERTIFICATE OF SERVICE**

    I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this 31st day of August, 2023.

*Via E-Service: tanand@mcglinchey.com*
Tarush R. Anand
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

**ATTORNEYS FOR RESPONDENT**

                                       */s/ Joseph Garza*
                                       Joseph Garza